ORTIZ, DEMANDANTE Y APELANTE, *v.* DÁVILA, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre desahucio.

No. 2783.—Resuelto en noviembre 27, 1922.

DESAHUCIO EN PRECARIO—TÍTULO—CONFLICTO DE TÍTULOS—POSESIÓN MERAMENTE TOLERADA. — Este es un caso de desahucio en precario en el que el demandante alegó y probó un título de adquisición inscrito en el registro, y el demandado alegó una donación, sin expresar la forma en que se hizo, y además alegó la posesión bajo ella con los requisitos de la prescripción ordinaria. El demandado no presentó prueba, y el demandante probó que la alegada donación era una mera tolerancia por parte del administrador de la finca. *Se resolvió:* que siendo la posesión, cuando menos, una mera tolerancia, sino un acto clandestino sin conocimiento del poseedor, no puede aprovechar al demandado, y, por consiguiente, no existe conflicto de títulos que haya de ventilarse en una acción independiente al efecto.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Toro Cabañas.*

Abogados del apelado: *Sres. González Fagundo & González, Jr.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

Este es un caso de desahucio en donde el demandante alega que es dueño de una finca rústica de 40,018 metros cuadrados, ubicada en el barrio Juan Martín, del término municipal de Yabucoa; que el demandado ocupa un solar que mide 17 pies de frente por 40 pies de fondo en el que tiene construída una casa de maderas, de una sola planta, de las mismas dimensio-

nes del solar, contra la expresa voluntad del demandante y que dicho demandado detenta la posesión material del referido solar precariamente sin pagarle canon o merced alguno.

El demandado niega que la casa se hubiera construído contra la expresa voluntad del demandante y alegó como defensa especial que la casa fué construída por su madre hace más de veinte años, en un solar que le regaló Raimundo Díaz, primitivo dueño de la finca, y desde esa época viene poseyendo la casa y solar en concepto de dueño, pública y pacíficamente y sin interrupción alguna.

En 17 de abril de 1922 la corte inferior dictó sentencia declarando sin lugar la demanda, y de dicha sentencia apeló el demandante alegando la comisión de cuatro errores. Resumiendo los errores señalados, más bien pueden reducirse a dos; el primero se refiere a una moción de *nonsuit* que presentó el demandado al terminar la prueba del demandante, y el segundo versa sobre la apreciación que de la prueba hizo la corte inferior.

El apelante alega que la corte erró al admitir la moción de *nonsuit* y después haberla declarado con lugar.

A pesar de que en la opinión y sentencia de la corte inferior se hace referencia a la moción de *nonsuit,* hemos llegado sin embargo a la conclusión que la corte resolvió el caso en su fondo o por sus méritos, toda vez que el abogado del demandado, según sus palabras del record taquigráfico, hablando de la moción, dijo: ''Si la declarase sin lugar suplico a la corte dicte sentencia, y renuncio a presentar prueba.'' No vemos que se haya cometido el error señalado.

Examinemos el error relativo a la apreciación de la prueba.

Es ya cuestión repetidamente resuelta por esta corte que no cabe deducir dentro de los límites de un juicio de desahucio el conflicto real o aparente de títulos o derechos sobre una pro-

piedad entre las partes. Y tal conflicto no encontramos que exista en forma alguna en este raso.

El único título que aparece de la prueba fué lä escritura de adquisición del demandante, en donde consta su carácter de dueño, y la que tiene nota de estar inscrita en el registro. El demandado no ofreció ni practicó prueba alguna en oposición al demandante. En la contestación negó el título del demandante y alegó como defensa especial un título de donación y la posesión por más de veinte años. No se alega, sin embargo, la forma en que se hizo la donación, y en cuanto a la posesión, la prueba testifical demuestra que Raimundo Díaz, de quien se alega que se recibió el regalo, nunca fué dueño de la finca descrita en la demanda; era un administrador de la misma y que solamente pudo dar un permiso a la madre del demandado para que construyera una casa de paja, lo cual tuvo lugar a raíz del ciclón de San Ciriaco, el que hizo grandes estragos y había destruído muchas casas en Yabucoa. Habiendo sido esta la condición del caso, el permiso o tolerancia dado a la madre del demandado, son actos que ni afectan ni aprovechan a la posesión del demandado, de acuerdo con lo que determinan los artículos 446 y 1843 del Código Civil, que copiados, dicen:

"Art. 446.—Los actos meramente tolerados y los ejecutados clandestinamente y sin conocimiento del poseedor, de una cosa, o con violencia, no afectan a la posesión."

"Art. 1843.—No aprovechan para la posesión los actos de carácter posesorio, ejecutados en virtud de licencia o por mera tolerancia del dueño."

Un extremo que la corte inferior tomó en consideración para declarar sin lugar la demanda, fué el interés que parece tener la madre del demandado en este caso, y la que no aparece como parte demandada.

Este interés de la madre del demandado resulta de la sola declaración de José A. Díaz. Este testigo fué dueño de la finca; la heredó de su madre, y su padre Raimundo Díaz la

administraba.   Este último fué quien, como hemos dicho, dió permiso a la madre del demandado, y cuando éste era menor, para construir la casa de pajas en un rincón de la finca; pero también declara el testigo Díaz que la primitiva casa de pajas fué sustituída por una de madera que reedificó el demandado y cuya construcción hizo dicho demandado en contra de la voluntad del testigo cuando era dueño de la finca.   No hay, pues, actualmente interés que se relacione con la madre del demandado en cuanto a la propiedad de la casa y para que toda duda pudiera quedar disipada, el mismo demandado en su contestación a la demanda afirma de que es dueño del solar y casa que es objeto del desahucio.

Por las razones expresadas, la sentencia debe ser revocada y dictarse otra declarando con lugar el desahucio, sin especial condenación de costas.

> *Revocada la sentencia apelada y decretado el desahucio.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.